IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 17-00269 |
| TK RESTAURANT | ) Chapter 7 |
| MANAGEMENT, INC. | ) |
| | ) **Hearing Date:  September 7, 2018** |
| Debtor. | ) **Hearing Time: 10:30 a.m.** |
| | ) |

**TRUSTEE'S MOTION FOR AUTHORITY TO SELL
PERSONAL PROPERTY FREE AND CLEAR OF ANY AND ALL
<u>LIENS AND INTERESTS PURSUANT TO 11 U.S.C. § 363</u>
(Vehicles)**

COMES NOW, Marc E. Albert, Chapter 7 Trustee for the estate of TK Restaurant

Management, Inc. ("Debtor"), by his undersigned counsel, Stinson Leonard Street LLP, and in

support of his Motion for Authority to Sell Personal Property Free and Clear of Any and All

Liens and Interests Pursuant to 11 U.S.C. § 363 (the "Motion"), respectfully states as follows:

1.      The Debtor filed a voluntary Chapter 11 petition on May 6, 2017.

2.      On July 25, 2018 the Court entered an order converting the case to Chapter 7.

3.      Marc E. Albert is the duly appointed and qualified trustee ("Trustee") of the

Debtor's Chapter 7 bankruptcy estate.

4.      Prior to the conversion, the Debtor operated a restaurant known as Catch 15

Italian Kitchen + Oyster Bar at property located at 1518 K Street, NW, Washington, D.C. 20005.

Pursuant to the Order Granting Trustee's Motion for Authority to Sell Property Free and Clear of

Any and All Liens and Interests Pursuant to 11 U.S.C. § 363 entered August 10, 2018 [Dkt. No.

210] (the "Business Sale Order"), the Trustee is selling the business assets of the Debtor to

Panayiotis Paparistodemou, or his assigns (the "Business Purchaser").  That sale is scheduled to

close on September 12, 2018.

5.      The assets to be sold to the Business Purchaser pursuant to the Business Sale Order specifically exclude three vehicles owned by the Debtor and described on the Debtor's bankruptcy schedules as: 1) a 2005 Mercedes ML 350, 2) a 2003 Chevrolet Van, and 3) a 2014 Mercedes Benz E-350.

6.      The Trustee has since been provided with the certificates of title for the three vehicles.  According to the certificates of title, the three vehicles are: 1) a 2008 Mercedes Benz sport utility vehicle, 2) a 2005 Chrysler van, and 3) a 2014 Mercedes Benz 4 door sedan (collectively, the "Vehicles").  Copies of the certificates of title for the Vehicles are attached hereto as Exhibit A.

7.      Section 363(b) of the Bankruptcy Code provides that, "(1) [t]he Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . .."  11 U.S.C. § 363(b)(1).

8.      In this Motion, the Trustee seeks authority to sell the Vehicles to Papardelle 1068, Inc., or its assigns (the "Vehicle Purchaser").

9.      The Trustee also seeks to sell the Vehicles free and clear of any and all liens on the Vehicles and interests in the Vehicles, with the liens attaching to the proceeds of sale to the extent and priority that they attached to the Vehicles.  A further discussion of the treatment of liens is incorporated below.

## I.      The Purchase Agreement

10.      The Vehicle Purchaser and the Trustee have entered into an agreement (the "Purchase Agreement"), calling for the sale of the Vehicles for $19,500.00.  Under the Purchase Agreement, the Trustee has agreed to maintain insurance on the Vehicles pending Court approval of the sale.

2

11.     The proposed sale is not subject to a financing contingency, and the funds for the purchase price are already in the Trustee's possession.  The Vehicle Purchaser is the assign of the stalking horse bidder for the Debtor's business assets and the successful bidder for the business assets of Rotini, Inc.  The Business Sale Order provided that the stalking horse bidder's $60,000 deposit, refundable to the Vehicle Purchaser pending the successful sale of the business assets to the Business Purchaser, could be applied to the balances due at closing of the sale of the business assets of Rotini, Inc.

12.     Pursuant to the Report of Sale filed in the Chapter 7 case of Rotini, Inc. (Case No. 17-00270), the Trustee, who is also the Chapter 7 trustee for the estate of Rotini, Inc., is holding $19,543.10 in escrow after closure of the sale of the Rotini business assets.  The Vehicle Purchaser and the Trustee have agreed that the purchase price for the Vehicles may be paid from those surplus funds, or in credits due to the Vehicle Purchaser for the estate's share of the August rent with Mrs. Esther Davis, landlord for the Rotini, Inc. business premises.

13.     The Purchase Agreement is contingent upon approval by this Court, after which the Trustee will transfer the funds for the Vehicles from the Rotini, Inc. estate to the estate of the Debtor.  The Purchase Agreement is also subject to higher and better offers received through the approval process of this Motion.

14.     The Debtor scheduled the Vehicles with a collective value of $28,332.00.  The Trustee submits that although no formal appraisal of the Vehicles has been undertaken, the Trustee has obtained a rough estimate for the value of the Vehicles from Kelley Blue Book and that estimate came in approximately $4,000.00 lower than the amount listed on the schedules. Given that the proposed sale of the Vehicles will not require the estate to incur the costs of retaining an auctioneer, the price offered by the Purchaser is fair and reasonable.

3

15.     To the best of the Trustee's knowledge, information and belief, other than being affiliated with one or more former employees of the Debtor, being the stalking horse bidder for the business assets of the Debtor, and being the successful purchaser of the business assets of Rotini, Inc., the Purchaser has no connection with the Trustee or any creditor, and the Purchaser is a good faith purchaser, and as such, is entitled to protection under § 363(m).

16.     The sale of the Vehicles free and clear of any and all liens and interests is appropriate under 11 U.S.C. §§ 363(f).  That issue is discussed in further detail below.

## II.     Liens and Interests

17.     The certificates of title for the Vehicles attached as Exhibit A indicate that there were no liens on the Vehicles at the time of issuance of the titles, and the Debtor did not list any secured creditors on its schedules.

18.     To the best of the Trustee's knowledge and belief, with the exception of a tax lien owing to the District of Columbia the Vehicles are otherwise unencumbered.

19.     The District of Columbia Office of Tax and Revenue has filed a proof of claim showing a District of Columbia Tax Lien against the Debtor's assets for previously unpaid sales and use taxes totaling $285,465.06. Proof of Claim 2-1.

20.     Section 363(f) of the Bankruptcy Code provides that:

The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

4

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

21.     The Trustee has the consent of the District of Columbia to allow a sale of the Vehicles to Purchaser to be completed free and clear of its tax lien.  A copy of an email message confirming the District of Columbia's consent to the sale is attached hereto as Exhibit B.

22.     The Trustee seeks authority to sell the Vehicles free and clear of the liens and interests, with the liens to attach to the proceeds of the sale in the extent and priority as they attached to the Vehicles.  The authority sought by the Trustee is appropriate under § 363(f)(2) because the District of Columbia, the only known lienholder, has consented to the sale of the Vehicles as sought herein

23.     The Vehicles are subject to other Chapter 11 administrative claims, including those for unpaid post-petition taxes to the Internal Revenue Service and to the District of Columbia for unpaid post-petition taxes.

24.     In advance of filing the Motion, the Trustee also sought and received consent from the United States of America, Internal Revenue Service, to the sale of the Vehicles.  A copy of an email message confirming the United States' consent to the sale is attached hereto as Exhibit C.

**III.   Request for Approval of Sale on Shortened Notice**

25.     The Purchase Agreement calls for the Trustee to maintain insurance on the Vehicles pending approval of the sale by the Court.  The sale of the business assets of the Debtor pursuant to the Business Sale Order is scheduled to close on September 12, 2018.

5

26.    The Trustee believes that it is in the best interest of the estate to complete the sale

of the Vehicles, and his obligation to maintain insurance on the Vehicles, prior to or on the date

of the closing of the sale under the Business Sale Order.

27.    As a result, contemporaneously with the filing of this Motion, the Trustee is filing

a motion to approve a shortened notice period for the sale of the Vehicles.  If that motion is

approved, the period by which objections to the proposed sale of the Vehicles must be filed will

be reduced from 21 to 14 days.

WHEREFORE, based on the foregoing, Marc E. Albert, Chapter 7 Trustee for the estate

of TK Restaurant Management, Inc., respectfully requests that this Court enter an Order:

a.    granting the Motion; and

b.    authorizing the Trustee to sell the Vehicles to the Vehicle Purchaser, free

and clear of all liens and interests, including, but not limited to, the tax lien of the District of

Columbia for sales and use taxes, with such liens transferring to and attaching to the proceeds of

such sale in the same extent and priority as they attached to the Vehicles; and

c.    authorizing the Trustee to execute all documents in connection with the

sale of the Vehicles; and

d.    granting such other and further relief as is just and proper.

Dated:  August 20, 2018                    Respectfully submitted,

/s/ Tracey M. Ohm
Tracey M. Ohm, No. 982727
Joshua W. Cox, No. 1033283
STINSON LEONARD STREET LLP
1775 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Tel. (202) 785-9100; Fax (202) 572-9943
tracey.ohm@stinson.com
joshua.cox@stinson.com
*Attorneys for Marc E. Albert, Trustee*

CORE/0773380.0230/141907525.1

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Trustee's Motion for Authority to Sell Personal Property Free and Clear of Any and All Liens and Interests Pursuant to 11 U.S.C. § 363 (Motor Vehicles) was filed electronically via the Court's ECF system and served on August 20, 2018, by first class mail, postage prepaid, upon the following:

Joseph A. Guzinski
Office of the U.S. Trustee
115 S. Union Street, Suite 210
Alexandria, VA 22314

TK Restaurant Management, Inc.
9364 Campbell Rd
Vienna, VA 22182

Richard L. Gilman
Gilman & Edwards, LLC
8401 Corporate Drive
Suite 450
Landover, MD 20785
*(Counsel for the Debtor)*

Nancy L. Alper
Assistant Attorney General
Land Acquisition and Bankruptcy Section
441 4TH Street, N.W., Suite 1010S
Washington, DC 20001
*(Counsel for the District of Columbia)*

Michael J. Lichtenstein
Shulman, Rogers, Gandal, Pordy
& Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
*(Counsel for 1518 K Street, LLC)*

Steven H. Greenfeld
Cohen Baldinger & Greenfeld, LLC
2600 Tower Oaks Boulevard, Suite 103
Rockville, MD 20852
*(Counsel for the Vehicle Purchaser)*

Oliver W. McDaniel
Assistant U.S. Attorney
Civil Division
555 4th Street NW
Washington, DC 20530
*(Counsel for the United States, on behalf of the Internal Revenue Service)*

/s/ Tracey M. Ohm
Tracey M. Ohm

CORE/0773380.0230/141907525.1